IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
MAY SESSION, 1996



**FILED**

Nov. 19, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | ) | |
| | ) | No. 02C01-9511-CR-00336 |
| Appellee | ) | |
| | ) | SHELBY COUNTY |
| vs. | ) | |
| | ) | Hon. L. T. Lafferty, Judge |
| **MALUNDA L. MYERS**, | ) | |
| | ) | (First Degree Murder) |
| Appellant | ) | |

## DISSENTING OPINION

I must respectfully dissent from the opinion of my learned colleagues, Judge Hayes and Judge Summers. I believe that the majority has stretched the case of State v. Brown, 836 S.W.2d 530 (Tenn. 1992), too far. In my view, the prosecution proved that the appellant committed the murder with premeditation and deliberation. If the majority is correct as to its interpretation of Brown, I would ask our Supreme Court to revisit the issue based upon this factual scenario.

Dr. Jerry Francisco testified that the death of Joseph Curtis "was due to multiple injuries to the head and body. . . ." The medical examiner testified that the victim had been beaten to death. The victim sustained bruises, scrapes, and multiple injuries to the face and head. His nose was broken. There was hemorrhage to the scalp and bleeding on the surface of the brain. The base of the skull was fractured. The victim suffered broken teeth. He had bruises to his lips. His chest was scraped and bruised. The victim's chest also revealed "two patterned injuries. . . that had the appearance of footprints." The left third rib was broken in the same area of the patterned footprints. In sum, Dr. Francisco testified that the victim's injuries were consistent with having been beaten, stomped, and kicked. It is clear that the appellant used both his fists and his feet on Mr. Curtis.

The appellant confronted the victim twice. He had plenty of time to cool

down assuming he was mad. The proof showed that the appellant kicked and beat the victim while the victim was on his hands and knees. He continued to beat the victim even after he knew that the victim would not pay him any money. The appellant beat and kicked the victim repeatedly. Curtis pleaded for help during the multiple assaults. The appellant concealed and tried to cover up his crime by hiding his jacket and his shoes after the murder.

I agree that State v. Brown, states that "the fact that repeated blows were inflicted on the victim is not sufficient, by itself, to establish first-degree murder." Brown, 836 S.W.2d at 542. That is not to say, however, that repeated blows negate premeditation and deliberation. I believe that premeditation and deliberation can be inferred and proven when a victim is on the ground, asking for help and pleading for mercy; and the appellant continues to beat, kick, and assault. A murderer may deliberate and premeditate prior to his act. Then, during the perpetration of the fatal act he or she may commit it with hot blood and violent passion. This would not negate the prior premeditation and deliberation so as to absolve the murderer of a first-degree murder conviction.

I simply do not believe that under these facts, the Brown test dictates the majority's results. The appellant killed Mr. Curtis in a cool state of blood. He had a fixed design. He wanted to accomplish his unlawful purpose, and he knew what he was doing. The facts show, in my view, that he was not under the influence of violent passion or sudden arousal by legal provocation. He committed the murder of Mr. Curtis by premeditating in advance, deliberating upon his contemplated act, and willfully carrying it to fruition.

I would affirm the conviction of murder in the first degree. For these reasons, I dissent.

_____
PAUL G. SUMMERS, Judge